David E. Williams and G. Brinton Roberts, trading as David E. Williams & Co., Appellants, *v.* The Bristol Rolling Mill Company, Defendant, and A. Weir Gilkeson, Assignee of the Bristol Rolling Mill Company, and A. Weir Gilkeson, Garnishee.

*Assignment of personal property for payment of debt—Assignment for creditors—Attachment execution.*

A rolling mill company, three days before it made an assignment for creditors, transferred to a bank to which it was indebted a large quantity of scrap iron to secure the payment of its indebtedness.   The iron was piled upon the premises of the rolling mill company, each variety of the scrap being piled separately.   At the time of the transfer, the cashier of the bank went with the officers of the company to each pile of the iron, and not long thereafter caused a large placard to be placed on each pile, announcing to the public " This property belongs to the Quaker City National Bank."   The cashier also employed a watchman to take charge of the iron for the bank.   Two months afterwards the assignee for creditors of the rolling mill company sold the iron with the consent of the bank under an agreement that the right to the proceeds should be determined by the court.   Subsequently a creditor of the rolling mill company attached the proceeds in the hands of the assignee.   *Held*, (1) that the title of the bank as between it and the rolling mill company was good at the time of the assignment ; (2) that the proceeds of the sale stood as security in the place of the scrap iron, and belonged to the bank.

Argued Feb. 14, 1896.   Appeal, No. 144, Jan. T., 1896, by plaintiff, from judgment of C. P. Bucks Co., Sept. T., 1895, No. 28, on case stated, for garnishee.   Before WILLIAMS, MC-COLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Case stated in attachment execution.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in entering judgment for garnishee on the case stated.

*Lewin W. Barringer, Henry Lear* with him, for appellants.— There was not sufficient change of possession from the Bristol Rolling Mill to the Quaker City National Bank to constitute a sufficient delivery as against the rights of other creditors : Stephens v. Gifford, 137 Pa. 219.

A. Weir Gilkeson, as assignee for the benefit of creditors of the Bristol Rolling Mill Company, cannot attack this bill of sale to the Quaker City National Bank, because he stands in the shoes of the Bristol Rolling Mill Company, and as between the Bristol Rolling Mill Company and the Quaker City National Bank, the conveyance is good: Fourth National Bank's Appeal, 123 Pa. 473 ; Wright v. Wigton, 84 Pa. 163 ; Morris's App., 88 Pa. 368 ; Fourth Nat. Bank's App., 123 Pa. 473 ; Dreisbach v. Mechanics' National Bank, 113 Pa. 562 ; Kent Santee & Co.'s App., 87 Pa. 167.

As against the creditors of the Bristol Rolling Mill Company, the bill of sale and secret arrangement made between the Bristol Rolling Mill Company and the Quaker City National Bank was fraudulent and void : Thompson v. Dougherty, 12 S. & R. 457.

*Howard Wurtz Page* and *B. F. Gilkeson,* of *Gilkeson & Wright, S. Davis Page, E. P. Allinson, Boies Penrose,* and *Ross & Long* with them, for appellees.—There was sufficient change of possession from the Bristol Rolling Mill Company to the Quaker City National Bank to constitute a good delivery as against the rights of other creditors : Hineman v. Matthews, 138 Pa. 204 ; Boyle v. Rankin, 22 Pa. 171 ; Hoffsmith v. Cope, 6 Whart. 53 ; McMarlan v. English, 74 Pa. 296 ; Oliver v. Reading Iron Co., 170 Pa. 400 ; Crawford v. Davis, 99 Pa. 578 ; Buckley v. Duff, 114 Pa. 602 ; McGuire v. James, 143 Pa. 524 ; Garretson v. Hackenburg, 144 Pa. 113 ; Ayers v. McCandless, 147 Pa. 49 ; Goddard v. Weil & Co., 165 Pa. 422 ; Cessna v. Nimick, 113 Pa. 70 ; Chase v. Ralston, 30 Pa. 539 ; Haynes v. Hunsicker, 26 Pa. 58 ; Com. v. Howard, 149 Pa. 305 ; Loux v. Fox, 171 Pa. 71 ; Mutchler v. Easton, 148 Pa. 445 ; 18 Am. & Eng. Ency. of Law, 598 ; Jones on Pledges, 29 ; Edwards on

Bailments, p. 209, 3d. ed.; Story on Bailments, 9th ed. p. 267; Palmtag v. Doutrick, 59 Cal. 154; Hays v. Riddle, 1 Sandf. (N. Y.) 252; Hutton v. Arnett, 51 Ill. 198; Walcott v. Keith, 22 N. H. 196; Bigelow v. Heaton, 6 Hill (N. Y.), 43; Way v. Davidson, 12 Gray, 466; Gibson v. Boyd, 1 Kerr, 150; Bruley v. Rose, 57 Iowa, 651.

Whether the pledge be good or bad, the attaching creditor is not in position to attack it. If good, the garnishee holds the fund for the benefit of the Quaker City National Bank; if bad, for the assignee of the Bristol Rolling Mill Company: Tomson v. Dougherty, 12 S. & R. 457; Rogers v. Fales, 5 Pa. 154; Dreisbach v. Bank, 113 Pa. 554; Fourth Nat. Bank's App., 123 Pa. 473; Kent, Santee & Co.'s App., 87 Pa. 165; Twelves v. Williams, 3 Whart. 485; Wright v. Wigton, 84 Pa. 163; Morris' App., 88 Pa. 368; Butcher v. Harrison, 4 B. & Ad. 129; Grimsby v. Ball, 11 M. & W. 531; Holmes v. Penney, 3 K. & J. 90; Pillsbury v. Kingon, 33 N. J. Eq. 298; Bouslough v. Bouslough, 68 Pa. 499; Englebert v. Blanjot, 2 Whart. 245.

PER CURIAM, March 7, 1896:

The case stated on which the judgment was entered presents the following facts: The Bristol Rolling Mill Company being largely indebted to the Quaker City National Bank transferred to it over one thousand tons of scrap iron to secure the payment of its indebtedness. This iron was piled upon the premises of the Rolling Mill Company, each variety of the scrap being piled separately. At the time of the transfer, the cashier of the bank went with the officers of the company to each pile of the iron, and not long thereafter caused a large placard to be placed on each pile announcing to the public "This property belongs to the Quaker City National Bank." He also employed a watchman to take charge of the iron for the bank. This was on the 14th of October, 1892. On the 17th of the same month, the Rolling Mill Company made an assignment for the benefit of creditors. In December following, the iron was sold by the assignee with the consent of the bank under an agreement that the right to the proceeds should be determined by the court. This attachment was not issued until July, 1893. Upon this state of the facts the learned judge of the court below held that the money belonged to the bank and that the attaching creditor

took nothing by his attachment. This was correct. The title of the bank as between it and its debtor, the Rolling Mill Company, was a good one at the time of the assignment. The proceeds do not belong to the assignee, but stand in place of the scrap iron they represent, as a security for the payment of the claim of the bank. The judgment is affirmed.